**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** | § | |
|           **Plaintiff** | § | |
| | § | **Cause No. 2:12cv70** |
| vs. | § | |
| | § | |
| **TCF** | § | |
|           **Defendant** | § | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** | § | |
|           **Plaintiff** | § | |
| | § | **Cause No. 2:12cv71** |
| vs. | § | |
| | § | |
| **YORK** | § | |
|           **Defendant** | § | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** | § | |
|           **Plaintiff** | § | |
| | § | **Cause No. 2:12cv72** |
| vs. | § | |
| | § | |
| **SECURITY** | § | |
|           **Defendant** | § | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** | § | |
|           **Plaintiff** | § | |
| | § | **Cause No. 2:12cv176** |
| vs. | § | |
| | § | |
| **CABLE ONE** | § | |
|           **Defendant** | § | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** § | | |
| §  **Plaintiff** | § | |
| | § | **Cause No. 2:12cv199** |
| **vs.** | § | |
| | § | |
| **FISERV** | § | |
| §  **Defendant** | § | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** § | | |
| §  **Plaintiff** | § | |
| | § | **Cause No. 2:12cv200** |
| **vs.** | § | |
| | § | |
| **HOMEAWAY** | § | |
| §  **Defendant** | § | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** § | | |
| §  **Plaintiff** | § | |
| | § | **Cause No. 2:12cv258** |
| **vs.** | § | |
| | § | |
| **CATALYST** | § | |
| §  **Defendant** | § | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** § | | |
| §  **Plaintiff** | § | |
| | § | **Cause No. 2:12cv262** |
| **vs.** | § | |
| | § | |
| **FEDEX** | § | |
| §  **Defendant** | § | |

## ORDER TO MEET, REPORT, AND APPEAR AT SCHEDULING CONFERENCE

1. Counsel and all unrepresented parties must comply with the following deadlines:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to file motions to transfer | September 7, 2012 |

| | |
|---|---|
| Deadline to hold a meeting as required by Fed. R. Civ. P. 26(f) | September 7, 2012 |
| Deadline to file a joint report that reflects the parties' detailed case management plan. The report must contain the information required on the attached form. | September 14, 2012 |
| Deadline to serve disclosures of asserted claims and infringement contentions pursuant to Patent Rules 3-1 and 3-2 | September 14, 2012 |
| Counsel and all unrepresented parties must appear in person for a Scheduling Conference. | September 28, 2012 at 10:00 a.m. in Texarkana, TX 4th Floor Courtroom before U. S. Magistrate Judge Caroline M. Craven |

2. Unrepresented parties, unless incarcerated, are bound by the requirements imposed upon counsel in this order.

3. Counsel must file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel must promptly file an amended certificate with the clerk.

4. The Court will enter a Protective Order in this case. The Court's standard form is available on the Court's website. The Protective Order will apply to all discovery and disclosures herein. If the parties believe a modified order is necessary, they may submit an agreed proposed order to the Court. If the parties are unable reach an agreement, they must submit competing motions to the Court limited to five pages each. The parties must identify any provision on which they cannot agree and explain the reasons for their disagreement. Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

5. The Court will also enter the District's Model Order Regarding E-Discovery in Patent Cases. *See* Local Rule App. P.

6. The Local Patent Rules of the Eastern District of Texas (cited as P.R.____) (available on the Eastern District Website) will apply to all proceedings in this case. In the absence of a showing of good cause by a party objecting to a required disclosure, parties must disclose, without further request or order, all information required by the Patent Rules in accordance with the deadlines set therein, unless modified by the Court.

7. Absent agreement, depositions of witnesses will not be taken until after the scheduling conference. Following the conference, the Court will enter a Scheduling and Discovery Order establishing parameters of discovery and setting deadlines controlling disposition of the case.

8. Absent agreement, discovery directed solely to damages will be postponed until **_after_** the Claim Construction Hearing. The Scheduling and Discovery Order will set a date by which the parties must complete initial disclosures on the issue of damages.

9. The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869 (7th Cir. 1997). Notice is given that the Court will enter an order dismissing all fictitious parties, if any, following the Scheduling Conference. Dismissal is without prejudice to take advantage of the provisions of Federal Rule of Civil Procedure 15(c).

10. The parties are relieved from complying with Local Rule CV-5(a)(9), which requires courtesy copies be sent to chambers for any electronically filed document that exceeds five pages in length, attachments included. It is unnecessary to provide the Court with a courtesy copy unless a document exceeds fifty pages in length, attachments included. Parties are encouraged to provide courtesy copies in a three-ring binder or in a spiral-bound format.

    But parties **must** submit to the Court courtesy copies of all claim construction briefing regardless of length. Parties must submit two paper copies to the Court and one paper copy to the technical advisor (if applicable). Each paper courtesy copy must be submitted in a three-ring binder with appropriately tabbed dividers. Accompanying each binder should be a CD containing the briefing (in Word format) and the exhibits. If appropriate, due to the volume of exhibits, a party may contact the court or the technical advisor to make alternate submission arrangements (e.g., submit courtesy copies only on CD).

11. Plaintiff's counsel must immediately notify the Court upon settlement.

12. Failure to comply with this order invites sanctions, including, as appropriate, dismissal of the action or default judgment and assessment of fees and costs. *See* Fed. R. Civ. P. 16(f).

**It is SO ORDERED.**
**SIGNED this 17th day of August, 2012.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC | § | |
| **Plaintiff** | § | |
| | § | **Cause No. 2:12cv70** |
| vs. | § | |
| | § | |
| TCF | § | |
| **Defendant** | § | |

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC | § | |
| **Plaintiff** | § | |
| | § | **Cause No. 2:12cv71** |
| vs. | § | |
| | § | |
| YORK | § | |
| **Defendant** | § | |

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC | § | |
| **Plaintiff** | § | |
| | § | **Cause No. 2:12cv72** |
| vs. | § | |
| | § | |
| SECURITY | § | |
| **Defendant** | § | |

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC | § | |
| **Plaintiff** | § | |
| | § | **Cause No. 2:12cv176** |
| vs. | § | |
| | § | |
| CABLE ONE | § | |
| **Defendant** | § | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** § | | |
| **Plaintiff** § | | |
| § | **Cause No. 2:12cv199** | |
| **vs.** § | | |
| § | | |
| **FISERV** § | | |
| **Defendant** § | | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** § | | |
| **Plaintiff** § | | |
| § | **Cause No. 2:12cv200** | |
| **vs.** § | | |
| § | | |
| **HOMEAWAY** § | | |
| **Defendant** § | | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** § | | |
| **Plaintiff** § | | |
| § | **Cause No. 2:12cv258** | |
| **vs.** § | | |
| § | | |
| **CATALYST** § | | |
| **Defendant** § | | |

| | | |
|---|---|---|
| **TQP DEVELOPMENT, LLC** § | | |
| **Plaintiff** § | | |
| § | **Cause No. 2:12cv262** | |
| **vs.** § | | |
| § | | |
| **FEDEX** § | | |
| **Defendant** § | | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN

> Please restate each instruction before furnishing the requested information.
>
> Any differences between parties as to the response(s) to any matter must be set forth in this report.
>
> This document is available in Microsoft Word format on the Court's website.

1. State where and when the conference required by Federal Rule of Civil Procedure 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

2. List the name, address, bar number, phone and fax numbers, and email address of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

3. List the correct names of the parties to the action.

4. List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related, including the patents involved.

5. Briefly summarize in three (3) pages or less: (a) What this case is about, and (b) Each claim or defense.[1]

6. List anticipated additional parties that may be included, when they might be added, and by whom.

7. List anticipated intervenors.

8. Describe the proposed discovery/case management plan, including:

    (a) In accordance with Rule 26(f):

    (1) Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made. *See also* Proposed Dates For Scheduling, ¶ 15;

    (2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues. (For example, whether fact and expert discovery be conducted in phases.) *See also* Proposed Dates For Scheduling, ¶ 15;

---

[1] The parties should not simply recite their pleadings.

  (3) In view of the Court's recent order on e-discovery, any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced;

  (4) The steps already taken or that will be taken for preserving discoverable information, including ESI;

  (5) Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production; and

  (6) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and the Court's Preliminary Discovery Order.

 (b) Of whom and by when Plaintiff anticipates taking oral depositions.

 (c) Of whom and by when Defendant anticipates taking oral depositions.

 (d) When Plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

 (e) When the opposing party anticipates taking expert depositions and the anticipated completion date.

 (f) Whether the Court should authorize the filing under seal of any documents containing confidential information.

 (g) If the parties disagree on any part of the discovery plan, describe the opposing views.

9. Specify any discovery beyond the initial disclosures that has taken place to date.

10. State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.[2]

 a. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

 b. Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

 c. State whether a demand and an offer have been made.

 d. If the parties have agreed on a specific mediator, state the name and address of the mediator and at what stages of the litigation mediation is most appropriate.

11. State whether a jury demand has been made and if it was made on time.

---

[2] This must be a detailed answer. Do not submit a generic recitation that settlement was discussed but was unsuccessful.

12. List all pending motions.

13. Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Scheduling Conference.

14. Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the **Order to Meet, Report, and Appear at Scheduling Conference**, listing the date of the original and any amendments.

15. Proposed Dates for Scheduling. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling and Discovery Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit.

    **THE PARTIES SHOULD REVIEW THE COURT'S SAMPLE SCHEDULING AND DISCOVERY ORDER FOR FURTHER DESCRIPTION OF THE COURT'S DEADLINES AND EXPECTATIONS. THE FORM IS AVAILABLE ON THE COURT'S WEBSITE.**

As indicated below by asterisks, some dates and events are "firm" and are not to be changed due to limited judicial resources and the Court's calendar.

**Given the "serially" filed nature of these cases, the general time frames contained in the middle chart are tighter than may be appropriate in these cases. Therefore, the parties may adjust those internal deadlines accordingly as agreed upon by the parties.**

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| **Rule 26(f) meeting*** | September 7, 2012 | |
| **File case management plan*** | September 14, 2012 | |
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2) | September 14, 2012 | |

| **Rule 16(b) scheduling conference*** | September 28, 2012 at 10:00 a.m. in Texarkana, TX 4th Floor Courtroom before U. S. Magistrate Judge Caroline M. Craven | |
|---|---|---|
| Deadline to serve initial disclosures (other than damages) | 1 month after SC | |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | 1 month after SC | |
| Deadline to add additional parties | 1 month after SC | |
| Deadline to amend pleadings | 1 month after SC | |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | 1 month 2 weeks after SC | |
| Deadline to file motions to dismiss | 2 months after SC | |
| Deadline to exchange privilege logs | 2 months after SC | |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | 2 months 1 week after SC | |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | 3 months after SC | |
| Discovery deadline—claim construction | 4 months after SC | |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | 4 months 2 weeks after SC | |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | 5 months after SC | |
| Deadline to file motion for summary judgment of indefiniteness | 5 months after SC | |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | 5 months 1 week after SC | |

| | | |
|---|---|---|
| Deadline to file response to motion for summary judgment of indefiniteness | 5 months 1 week after SC | |
| Deadline to file reply to motion for summary judgment of indefiniteness | 5 months 2 weeks after SC | |
| Deadline to file claim construction chart (P.R. 4-5(d)) | 5 months 2 weeks after SC | |
| Claim construction technology tutorial and hearing (i.e. *Markman* hearing) (P.R. 4-6) | July 23, 2013 at 9:00 a.m. in Texarkana, TX 4th Floor Courtroom before U. S. Magistrate Judge Caroline M. Craven | |
| Deadline to serve damages disclosures | 6 months before PTC | |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | 5 months 2 wks before PTC | |
| Deadline to disclose willfulness opinions (P.R. 3-7) | 5 months before PTC | |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | 4 months 2 weeks before PTC | |
| Deadline to notify Court of mediator | 4 months before PTC | |
| Discovery deadline | 3 months 2 weeks before PTC | |
| Deadline to complete **required** mediation | 3 months 1 week before PTC | |
| Deadline to submit letter briefs | 60 days prior to dispositive motion deadline | |
| Deadline for dispositive motions (including *Daubert* motions) | 3 months before PTC | |

| | | |
|---|---|---|
| Deadline for parties to exchange pretrial disclosures | 2 months before PTC | |
| Deadline to notify Court of daily transcript or realtime request | 2 months before PTC | |
| Deadline for parties to exchange objections to pretrial disclosures | 1 months 2 wks before PTC | |
| Deadline for parties to meet and confer on objections | 1 month 1 wk before PTC | |
| Deadline to file pretrial materials | 1 month before PTC | |
| Deadline for parties to exchange exhibits | **3 days before PTC** | |
| Pretrial conference and trial scheduling | *June 23, 2014 at 9:00 a.m. (2:12cv70 TCF); June 23, 2014 at 1:30 p.m. (2:12cv71 York; June 24, 2014 at 9:00 a.m. (2:12cv72 Security); June 24, 2014 at 1:30 p.m. (2:12cv176 Cable One); June 25, 2014 at 9:00 a.m. (2:12cv199 Fiserv); June 25, 2014 at 1:30 p.m. (2:12cv200HomeAway); June 26, 2014 at 9:00 a.m. (2:12cv258 Catalyst); June 26, 2014 at 1:30 p.m. (2:12cv262 Fedex) in Texarkana, Texas, 4th Floor Courtroom before U. S. Magistrate Judge Caroline M. Craven* | |

*Signature of Counsel and Date:*